IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 2 1 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| RICKEY F. WALLACE AND JULIE D. WALLACE, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:13-CV-654-A |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the amended notice of removal filed in the above-captioned action by defendant, JPMorgan Chase Bank, National Association. Defendant has alleged diversity of citizenship under 28 U.S.C. § 1332 as the sole basis for removal. Having considered the amended notice of removal and the original state court petition of plaintiffs, Rickey F. Wallace and Julie D. Wallace, the court concludes that defendant has failed to sufficiently allege that this court has subject matter jurisdiction, and that the case should be remanded to the state court from which it was removed.

I.

Background

Plaintiffs initiated this action by filing their original petition in the District Court of Tarrant County, Texas, 153rd

Judicial District, as Cause No. 153-267169-13. Defendant then removed the action to this court. On September 16, 2013, pursuant to this court's order, defendant filed its amended notice of removal. Defendant alleges that the court has subject matter jurisdiction under 28 U.S.C. § 1332 because of complete diversity of citizenship between plaintiffs and defendant, and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

In the prayer of their petition, plaintiffs do not state a specific amount of damages. The sole statement of the amount of damages in the petition is that "Plaintiffs assert that their damages are less than $75,000.00." Am. Notice of Removal, Ex. A at 3. However, defendant contends that the amount in controversy requirement is met because plaintiffs seek declaratory relief to enforce an alleged agreement to modify the payment amount on their mortgage loan. Defendant argues that granting such relief will allow plaintiffs to avoid paying the full amount required to reinstate the mortgage loan, which defendant asserts is in excess of $75,000.00. In support of its position, defendant cites to legal authority standing for the proposition that in an action for declaratory or injunctive relief, the amount in controversy is equal to the "value of the object of the litigation." Am. Notice of Removal at 4.

After having evaluated the amended notice of removal and all state court documents, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action meets or exceeds the required amount.

## II.

### Basic Principles

The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

III.

Analysis

Plaintiffs' petition does not make a demand for a specific amount of damages, but the petition does assert that plaintiffs' damages are less than $75,000.00. Therefore, it is not facially apparent from the petition that the amount in controversy is

4

greater than $75,000, and the court must evaluate the true nature of plaintiffs' claims to determine the amount actually in controversy between the parties.

The true nature of this action is to determine the parties' rights under an alleged agreement to modify the payment amount on plaintiffs' mortgage loan. Am. Notice of Removal, Ex. A. Defendant contends that under the alleged agreement, plaintiffs would avoid paying the amount required to bring their mortgage loan current. Am. Notice of Removal at 4-6. Defendant alleges that plaintiffs have failed to submit a payment since 2011 and that the amount of the principle and interest payments, as well as late charges, escrow advances, and other fees and charges, missed during that time period exceeds $75,000. Id.

However, the court is not persuaded by defendant's argument. The amount in controversy must be determined by the value of the relief sought by the plaintiff, not defendant's speculations on what its future costs might be. See Sims v. AT & T Corp., No. 3:04-CV-1972-D, 2004 WL 2964983 at *3 (N.D. Tex. Dec. 22, 2004) (holding that the defendant "cannot establish that the amount in controversy requirement is satisfied based on the pecuniary consequence of its compliance with the requested declaratory and injunctive relief" and reiterating that the "value to the plaintiff of the right to be enforced" was the proper measure of

5

the amount in controversy) (emphasis in original). Plaintiffs' petition simply states that plaintiffs are seeking to define their rights under an agreement to pay a specific monthly amount beginning June 1, 2013. The petition makes no mention of the past due amount asserted by defendant or its relationship, if any, to the alleged agreement. Simply because defendant believes that plaintiffs might attempt to avoid repaying a past due amount on their mortgage loan through a declaration of their rights as to the alleged agreement does not establish the jurisdictional amount in controversy. Further, plaintiffs' specifically assert that their damages are less than $75,000.

Therefore, defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is

6

hereby, remanded to the state court from which it was removed.

SIGNED October 21, 2013.

_____
JOHN McBRYDE
United States District Judge